UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-59-RLV
(5:08-cr-27-RLV-DCK-7)

| | |
|---|---|
| JAIME PUENTE-VAZQUEZ, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> ) </br> Respondent. ) </br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.  BACKGROUND**

On May 14, 2009, after a jury trial, pro se Petitioner Jaime Puente-Vazquez was found guilty in this Court of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and possessing with intent to distribute five or more kilograms of cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. See (Criminal Case No. 5:08-cr-27-RLV-DCK-7: Doc. No. 160: Jury Verdict). This Court sentenced Petitioner to a total of 151 months of imprisonment, entering judgment on March 5, 2010. (Id., Doc. No. 224: Judgment).

Petitioner appealed, and on July 22, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. See (Id., Doc. 279). Petitioner

1

filed a motion to vacate on October 15, 2012, bringing ineffective assistance of counsel claims. (Id., Doc. No. 295: Civ. No. 5:12cv157). On March 13, 2014, this Court denied and dismissed the motion to vacate with prejudice on the merits. (Id., Doc. No. 308). Petitioner filed the instant motion to vacate on March 28, 2017, placing the petition in the prison mailing system on March 23, 2017.[1] In his pending motion, Petitioner again brings various ineffective assistance of counsel claims.

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Petitioner filed the instant motion to vacate on March 23, 2017, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:08-cr-27-RLV-DCK-7. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate on the merits with prejudice. Thus, this is a successive petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not

---

[1] Petitioner did not sign the petition under penalty of perjury.

shown that he has obtained the permission of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 10, 2017

Richard L. Voorhees
United States District Judge